IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHOLONDRELL TAYLOR,<br>BOP # 67291-019 | HABEAS CORPUS<br>28 U.S.C. § 2255 |
| Movant, | CIVIL ACTION FILE NO.<br>1:17-CV-1772-LMM-JKL |
| v. | |
| UNITED STATES, | CRIMINAL ACTION NO.<br>1:15-CR-369-LMM-JKL |
| Respondent. | |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant, confined in the Federal Prison Camp in Alderson, West Virgina, submitted a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate"). [Doc. 41.] For the reasons set forth below, the undersigned recommends that the motion to vacate be **DENIED**.

## I.       BACKGROUND

On February 29, 2016, Movant pled guilty to one count of theft of government funds, in violation of 18 U.S.C. §§ 641 and 2. [Doc. 21-1.] At the plea hearing, it was established that Movant owned and operated two stores in the metropolitan Atlanta area that served as authorized retailers for federal and state food stamp programs. [Doc. 46 at 12-13.] Instead of selling eligible food items to beneficiaries, Movant and her employees purchased customers' food stamp

vouchers for cash payments less than the full value of the food stamp benefits. [*Id.* at 12-17.]   Movant was charged in a three-count indictment, but pleaded guilty to Count Three in exchange for the government's agreement to dismiss Counts One and Two and not prosecute Movant for related offenses.  In her plea agreement, Movant also agreed to a limited waiver of appeal, waiving her rights to appeal or collaterally attack her conviction and sentence in any post-conviction proceeding, except in the event of an upward departure or upward variance, claims of ineffective assistance of counsel, or an appeal by the government. [*Id.* at 12.]

Prior to sentencing, Movant's counsel filed several objections to the presentence report ("PSR"), including an objection that U.S.S.G. § 3B1.1(a), which provides a four-level enhancement for leading criminal activity involving five or more participants or that was otherwise extensive, should not apply because there was insufficient evidence that there were at least five participants in the scheme. This same objection was raised in counsel's sentencing memorandum and at the sentencing hearing. [Doc. 26 at 4; Doc. 47 at 5-7.].

The Court agreed with Movant, finding insufficient proof that five or more participants were involved in the scheme. [Doc. 47 at 17.]  Nonetheless, the Court applied the four-level enhancement, finding that Movant's criminal "enterprise was otherwise extensive" based on the "large period of time" the scheme operated, the

"well-organized and very detailed" nature of the scheme, and "the fact that [the scheme] existed beyond the brick and mortar stores." [*Id.*]  With the four-level enhancement applied, the Court calculated a guidelines range of 63 to 78 months' imprisonment, but sentenced Movant below the guidelines range to 54 months' imprisonment.  [Doc. 47 at 48-49; Doc. 33.]

On August 25, 2016, Movant filed a motion to amend the judgment and commitment to suspend restitution payments until she is released from federal custody.  The Court granted her motion on September 23, 2016.  Movant filed the instant motion to vacate on May 15, 2017.  In the motion to vacate, Movant asserts two grounds for relief:  (1) ineffective assistance of counsel due to defense counsel's failure to investigate and argue against application of U.S.S.G. § 3B1.1(a)'s four-level enhancement; and (2) Movant requests a reduction to her sentence under 18 U.S.C. § 3742(e) because she has "been a model inmate."  [Doc. 41-1 at 2-18.]  The government filed a response to the motion to vacate on July 31, 2017.  [Doc. 48.]

On December 4, 2017, Movant filed a motion to amend, asking the Court to consider Supreme Court case 17-709, *United States v. Zada*, in ruling on her motion to vacate.  [Doc. 52 at 1.]  She further requests a copy of her indictment

3

and attaches exhibits demonstrating the courses she has completed during her imprisonment.  [*Id.* at 2.]

## II.    DISCUSSION

### A.    The Standard for Relief Under § 2255

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  A sentence is otherwise subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice.  *United States v. Addonizio*, 442 U.S. 178, 185 (1979).   Collateral relief, however, is limited.   "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," *United States v. Frady*, 456 U.S. 152, 164 (1982), and it is the movant's burden to establish his right to collateral relief, *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015), *cert. denied*, __ U.S. __, 136 S.Ct. 267 (2015).

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Fontaine v. United States*, 411 U.S. 213, 215 (1973).

### B.   Ineffective Assistance of Counsel Claim

Movant contends that her counsel was ineffective for not asserting that the four-level enhancement pursuant to U.S.S.C. § 3B1.1 was inappropriate because there was insufficient evidence of five or more participants. As the government points out, however, defense counsel did, in fact, raise this issue with the Court. Moreover, the Court agreed with defense counsel that there was insufficient evidence of five or more participants. [Doc. 47 at 17.] Movant's claim for ineffective assistance of counsel must fail. *See West v. United States*, No. 1:12-CR-0283-CAP, 2015 WL 4394353, at *2 (N.D. Ga. July 16, 2015) ("Plainly, counsel cannot be found to have rendered ineffective assistance for having allegedly 'failed' to make an argument that the record reveals she, in fact, made.").

### C.   Request for Sentence Reduction Pursuant to 18 U.S.C. § 3742(e)

Movant has also requested that the Court reduce her sentence pursuant to 18 U.S.C. § 3742(e) on the ground that she has "been a model inmate" while incarcerated. This Court cannot, however, grant the relief Movant seeks. Pursuant to 18 U.S.C. § 3742(e), only an appellate court is authorized to review a sentence

imposed by a district court.  *See United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) (holding that §3742 "do[es] not grant jurisdiction to a district court to review a final sentence"); *Castillo v. United States,* No. 1:02-CR-0426, 2011 WL 2604825, at *2 (N.D. Ga. June 10, 2011) (holding that § 3742 does not grant district court authority to modify sentence once conviction is final), *report and recommendation adopted*, 2011 WL 2604810 (N.D. Ga. June 30, 2011).

The Court's ability to modify Movant's sentence is also limited by the appeal waiver contained in Movant's plea agreement, which states that she "voluntarily and expressly waives the right to appeal her conviction and sentence and the right to collaterally attack her conviction and sentence in any post-conviction proceeding (including but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [she] may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the district court."  [Doc. 12-1 at 12.]  Only claims that Movant's "counsel rendered constitutionally ineffective assistance" are excepted from the waiver.  [*Id.*]  The district judge questioned Movant about the waiver during the Rule 11 colloquy and Movant indicated that she understood its significance.  [Doc. 47 at 25-26.]  There is no indication that the appellate waiver was not knowingly and voluntarily made.  Thus, the appellate waiver is enforceable.  *See United States*

*v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (holding that enforcement of appellate waiver is appropriate where the district court questions defendant about the waiver during the Rule 11 colloquy or the record indicates defendant understood the full significance of the waiver).  Movant is not entitled to relief on this ground.

### D.    MOTION TO AMEND

In her motion to amend, Movant asks the Court to consider a petition for writ of certiorari filed in *United States v. Zada*, 706 F. App'x 500 (11th Cir. 2017). In *Zada,* the Eleventh Circuit affirmed on direct review a sentence that was enhanced pursuant to U.S.S.G. § 3B1.1(a) because the criminal scheme at issue was found to be "otherwise extensive."  *Id.*  A petition for writ for certiorari was denied on January 8, 2018.  *Zada v. U.S.*, No. 17-709, 2018 WL 311407, at *1 (Jan. 8, 2018).  There is nothing in the circuit court's decision that would change the undersigned's analysis of Movant's claims.  Accordingly, the motion to amend is **DENIED AS MOOT**.

### III.   CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Movant's § 2255 motion be **DENIED**.  The undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED** because Movant has not made a

substantial showing of the denial of a constitutional right.   *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Movant's motion to amend and request for a copy of the indictment [52] is **DENIED AS MOOT**.

**IT IS SO ORDERED AND RECOMMENDED** this 11th day of January, 2018.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE